IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BK. No. 17-16142 ELF |
| **LISA NGUYEN** | : | |
|     Debtor | : | Chapter No. 13 |
| | : | |
| **MARK KNOUSE** | : | |
| **LYNN BRINKER** | : | |
| **KIM BEIDLER** | : | |
|     Movants | : | 11 U.S.C. § 362 |
|     v. | : | |
| **LISA NGUYEN** | : | |
|     Respondent | : | |

### ORDER MODIFYING SECTION 362 AUTOMATIC STAY

**AND NOW**, this 2nd day of January 2017, at **PHILADELPHIA**, upon consideration of *Motion of Mark Knouse, Lynn Brinker, and Kim Beidler for Relief from Automatic Stay Under § 362 Pursuant to Bankruptcy Procedure Rule 4001* (the "Motion"), it is:

**ORDERED** that Movants shall be permitted to reasonably communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED** that Relief from the Automatic Stay of all proceedings, as provided under 11 U.S.C. § 362 is granted with respect to 238 Keswick Avenue, Glenside, PA 19038 (the "Property") (as more fully set forth in the legal description attached to the Mortgage of record granted against the Property), as to allow Movants, its successors or assignees, to proceed under their rights under the terms of said Mortgage; and it is further;

~~**ORDERED** that Rule 4001(a)(3) is not applicable and Movants may immediately enforce and implement this Order granting Relief from the Automatic Stay; and it is further;~~

**ORDERED** that Federal Rule of Bankruptcy Procedure 3002.1 is no longer applicable to the Movants, its successors or assignees.

_____
ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE